UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-89 |
| | ) | |
| YUL ROBINETTE | ) | |

# REPORT AND RECOMMENDATION

Defendant, now proceeding *pro se*, has filed a "motion for prosecutorial misconduct, doc. 25. The motion itself contains a mish-mash of words and phrases sometimes used in civil proceedings, *e.g.*, equitable estoppel, constructive fraud, fraud in the inducement; arcane phrases, apparently Latin, with which this magistrate judge is unfamiliar notwithstanding his service on the state and federal benches for 30 years, e.g., Inmodum Adminiculi, "Mentiri, Mentiri, Mores, Mentiri;" statements concerning the right to confront witnesses against him; a statement that "the state actor is guilty of derivative evidence;" and a statement that the evidence against him was obtained in violation of the Fourth Amendment to the Constitution.[1]

Respectfully, the motion makes no sense at all. However, after reading defendant's affidavit which he filed as part of his motion, his argument becomes a bit clearer. Reduced to its essence, his argument is that he did not make the statements which the police officers

---

[1] This last argument is understood, but it is inapplicable in the context of the motion itself.

attributed to him.

The grand jury has found probable cause to believe that defendant was a convicted felon in possession of a firearm. Whether or not the police officers told the truth, or lied; and whether defendant in fact was in possession of a firearm at any given time, is a question of fact to be resolved by a jury. It most definitely is not an issue for pretrial disposition.

It is therefore recommended that defendant's motion that the case be dismissed, doc. 25, be DENIED.

Respectfully submitted,

       s/ Dennis H. Inman
United States Magistrate Judge