UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-89 |
| | ) | |
| YUL ROBINETTE | ) | |

## REPORT AND RECOMMENDATION

Defendant, who insists upon representing himself, has filed two motions which the court will address without awaiting a response from the government.

Since each motion ultimately asks for a dismissal of the indictment, they will be addressed by a report and recommendation.

**MOTION FOR *CORPUS DELECTI*, DOC. 37**

In this motion, defendant makes two points. First, he argues that there must be a "*corpus delecti*" for a crime to exist. With that assertion the court basically agrees.

In a second argument, he says that the Second Amendment to the Constitution gives him the right to keep and bear arms, and therefore any legislative act that abrogates that constitutional right is "null and void." On this point, defendant is incorrect.

When the United States Supreme Court addressed the Second Amendment in *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Court pointedly noted that

> nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or

laws imposing conditions and qualifications on the commercial sale of arms.
554 U.S. at 626-27.

It is respectfully recommended that defendant's "motion for *corpus delecti*," which in reality is a motion to dismiss, doc. 37, be denied.

**MOTION FOR COURT'S JURISDICTION, DOC. 36**

This motion is difficult to understand, but defendant seems to make two arguments:

First, he argues that the federal government's jurisdiction cannot extend outside the boundaries of the District of Columbia, and certainly does not embrace the area occupied by the state of Tennessee.

Second, he argues that the federal government's (and this court's) jurisdiction over him is a matter of contract which was "forced" upon him when he was born. He was born as "Yul Vance Robinette," which he says was a "corporate fiction" created when he was born. He says that he is now "Yul of the Robinette family," a completely different person than "Yul Robinette". He then says that "[i]f the court cannot produce a signed contract stating [that he is] liable for statutes, rules and regulations," the case must be dismissed against him because the court lacks subject matter jurisdiction.

The motion is frivolous, and remarkably so.

2

It is recommended that his motion, doc. 36, be denied.[1]

Respectfully submitted,

                                                     s/ Dennis H. Inman
                                        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).